is on the call is 5-13-085 Feeble v. Cherry. May it please this court, counsel, I'm Susan Wilhelm with the Office of the State Appellate Defender. I represent the defendant appellant, James Cherry. James Cherry was convicted and sentenced for the offense of armed violence predicated upon aggravated battery. But pursuant to the current language of the armed violence statute, armed violence can no longer be predicated upon aggravated battery, and his conviction is therefore void. A little bit of history here, the offense of armed violence allows the state to seek higher class X penalties if a predicate offense is committed by use of a dangerous weapon. When it was first enacted, the armed violence statute allowed any felony defined by Illinois law to serve as a predicate offense. However, some felonies already had an aggravated or an armed version on the books, and as proportion of penalties violations began to be litigated, they started excluding predicate offenses by case law. In 2000, the legislature enacted the 15-20-25-to-life sentencing scheme, and they specifically listed those 10 newly enhanced offenses as being excluded as predicate offenses under armed violence. However, with those dueling sentencing options of charging as armed violence or charging under 15-20-25-to-life, we found more and more violations of the proportion of penalties clause. In October 2007, our legislature again amended the armed violence statute. It expanded the list of excluded predicate offenses, removed some of the 15-20-25-to-life offenses, and added this catch-all phrase to exclude any offense that makes possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range. And any felony that falls into that category can no longer be a predicate offense for armed violence. Here, the use of a firearm elevates aggravated battery to aggravated battery with a firearm. Under the current version of the armed violence statute, it cannot be predicated on aggravated battery because there is an enhanced version for firearm use. This is similar to the offense of robbery, which is clearly excluded as a predicate offense along with armed robbery under People v. Blair. Although neither are now specifically named in that list of excluded predicates after the 2007 amendments, they are included in that catch-all phrase, any offense that makes possession or use of a dangerous weapon an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor. The state has the argument that only one portion of aggravated battery, the subsection that specifically charges use of a deadly weapon, is excluded now as a predicate offense. However, the plain language of the armed violence statute in force does not preclude any subsection of any offense. It clearly and unambiguously precludes any offense that has a version, aggravated or enhanced, by this use of a dangerous weapon. In further support, we can look at the offense of home invasion. Home invasion actually has a subsection, A2, that does not require the use of a weapon or a firearm in committing that offense. It only requires causation of injury. However, all of home invasion is excluded as a predicate offense by the 2007 version of the statute. They don't parse out certain subsections to remain in effect. You cannot charge any felony offense as a predicate offense if a subsection, if a portion of it, if it has a version that falls under that catch-all. And I would also add that if there is any ambiguity in how we're reading this statute and what falls under it, those ambiguities have to be read in favor of the defendant. And right now, under our 2007 version of the armed violence statute, armed violence cannot be predicated on any version of aggravated battery. James Cherry therefore requests that this court vacate validation for armed violence predicated on aggravated battery, and you can remand to the trial court for resentencing on the merged count of aggravated battery with a firearm. Moving on to my second argument, James Cherry was appointed counsel. He was appointed counsel under Krankel, and his appointed counsel was ineffective for failing to advance his claims in any way at that second stage evidentiary hearing. People be Krankel places an obligation on the trial court to fully address the defendant's claims of ineffective assistance. We want to address them there in the trial court where we can flush out all the facts and have a good record for review. So once the defendant brings his pro se claims of ineffective assistance to the trial court's attention, the court is supposed to examine his claims, and if he finds neglect, appoint him counsel. And that's exactly what happened here. James Cherry wrote a four-page motion. The judge looked at it and said, yes, I see that you have a conflict. I see that there was some neglect. I'm going to give you counsel. And he was given counsel, and that Krankel counsel was then his counsel to assist him and help him have an evidentiary hearing. However, James, when his claims went to the second stage, his new counsel did nothing to advance his claims. He merely restated them to the trial court. This minimal level of assistance is insufficient to provide James Cherry with an adequate adversarial evidentiary hearing on his claims, as required by Krankel. The matter should be remanded to the trial court for the appointment of new post-trial counsel and further proceedings to flush out these claims. And the state is probably going to argue, as the defendants briefed, that this is a Strickland v. Washington question. However, we only get to the Strickland test when there's actually some assistance of counsel. Here we have Krankel counsel who utterly failed to subject the prosecution's case to meaningful adversarial testing. He simply adopted the arguments. He did nothing to advance them. He didn't call James Cherry to the stand. He didn't submit any documents. He didn't try to do anything. He just said, I adopt this four-page statement, meaning that he found that it was true, so he adopts it. But he does nothing to advance it. He presented absolutely no advocacy. And in a situation like that, we're not looking at Strickland v. Washington. We're looking at Krankel counsel who failed to advance his claims at a meaningful adversarial evidentiary hearing, which he did not receive. And when this case is remanded back, I would ask that you also order the trial court to appoint him new counsel for a new Krankel hearing so he can advance his claims at that time. If there are no questions? No questions. Thank you, Counsel. Thank you. May it please the court. Joan Kripke from the Prosecutor's Office in the Second District on behalf of the people. Counsel, we would like, we would stand on our grief, but we would also like to address both of the issues. We disagree with the defendant's argument regarding armed violence. The armed violence statute can be predicated on aggravated battery. In fact, the defendant in his brief refers not to a subsection, as I did, of the aggravated battery statute, but an alternate part of the statute. And that's exactly what we're saying here, that it does not make sense to interpret the statute in such a way that all of aggravated battery cannot be used as a predicate for armed violence. And I would like to give you an example of that, because in this case, the subsection that was taken out that was used to predicate it was great bodily harm. And nowhere in that subsection of the aggravated battery statute does it reference a weapon. It's not the same as the sections which the defendant is relying on, which do reference a weapon. Can I ask a question? Under this definition of armed violence, elements of the offense, the relevant portion, when it says, or any offense that makes the possession or use of a dangerous weapon, either an element of the base offense. Tell me, what's a base offense? The base offense would be the predicate offense of aggravated battery. Okay, so any aggravated battery, the general statute of aggravated battery. That would be the base offense. The base offense is aggravated battery, but it has to have that element of the weapon in the base offense. Then it goes on and says, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range. Because those seem to me to be alternative circumstances under which an offense cannot be used as a predicate offense. That's right, but in this case, they predicated it. Let me make sure I understand what your argument is. You're saying we should only be looking at the subsection of the aggravated battery statute that was specifically used in this case as a predicate offense. Of course. Then why are we talking about base offense? Because that's the language that they use. They're talking about the predicate offense. What does that mean? I believe it's the offense- Aggravated battery? It's the offense, yes. In this particular case, it's aggravated. It's a battery that became aggravated because the defendant caused great bodily harm to the victim. And there is case law that we cited that says, even if there was an instrument used, a gun, to cause that great bodily harm, that doesn't mean that aggravated battery cannot be a predicate offense or a base offense for armed violence. The defendant took me to task in his reply brief and said, those are old cases, they predate the change in the statute. But those cases, but that doesn't matter, because what the statute was addressing, was trying to deal with was disproportionate penalty problems. And this case, as counsel just argued, is not the equivalent of an armed robbery. Because what the problem with the armed robbery, what the bill was discussing was, if you have a robbery- Excuse me. I'm sorry. Let me just parse down here for a second. Do you agree that the cases you cited in your brief that allowed aggravated battery to be a predicate offense did all predate this amendment to the statute? Yes. Okay. Yes, but I don't think it's a problem. What Blair was addressing, what the 2007 statutes were addressing, was the fact with armed robbery, if you have a robbery and you show up with a gun, it's armed robbery. There's no other way to look at it. And therefore, if armed robbery had a different sentencing scheme than armed violence that was based on robbery and the person had a gun, then you have disproportionate penalties. But that wasn't what the defendant was arguing here, and it's not a double enhancement problem here. If, for example, you have a defendant who has in his pocket, unbeknownst to anybody, a gun. He goes out and he takes his fist and he beats up an individual and causes great bodily harm to that individual. And when he's arrested, they find this gun on him. We are able to charge him with armed violence. Why? Because the purpose of the armed violence statute was to punish that felon for committing the felony while carrying a weapon, which could have allowed the situation to escalate. And what the purpose is is to deter that very situation. Another example. What if the person, gun in pocket, goes out, beats somebody up, maybe not great bodily harm, but he beats up a teacher or a police officer or someone who's in a protected class? That also is armed violence. It's not predicated, it's not predicated on great bodily harm. It's the fact that he had that weapon and the battery is aggravated because he beat up a certain class of person. Or a third example. Same scenario. The person's wearing a balaclava, he's wearing a hood, he's wearing a mask. Same type of thing has the gun that aggravates the battery, a simple battery, into an aggravated battery just because the person is wearing the mask. And all those things, that's always been the statutory scheme. That's always been the idea. That's correct. But we have to look at what the legislature said. And they did say something different here. Why did they make the amendment? They're giving alternative circumstances under which you cannot use an offense as a predicate offense. But we didn't. We used a battery that was aggravated because of a person causing great bodily harm. Why would we even be talking about an aggravated or enhanced version of the offense? I mean, certainly under aggravated battery, an aggravated or enhanced version is one where you have a weapon. No, it can be an aggravated battery. It can be a simple battery aggravated because the person caused great bodily harm. Or because they beat up a person who's in a protected class. A police officer, an EMS worker, a teacher.  There is a version of aggravated battery that deals with doing it with a firearm. Exactly. But that's not the one that we charged under. Okay. And that's where we argue that the difference was. As to the Krankel issue, the trial court did not find that trial counsel had neglected the defendant's case. What they said was there was a breakdown of communication. And so I'm going to appoint counsel. Do I think that that was correct? No, but that's water over the dam, under the bridge, whatever. I can't deal with that at that point. I'm stuck with the decision of the trial court. So what do we have here? We do have to look at this in a stricter way. And even if you find that Krankel counsel, assuming arguendo, that the first problem is stricter. Because they're arguing the defective assistance of Krankel counsel. First of all, in their brief, in the defendant's brief, they even point to the fact that counsel, and it's kind of unclear from what they're saying, but they say counsel, meaning I think they meant Krankel counsel, argued that trial counsel said on its own, it was not part of the 18 allegations that the defendant had raised, said, well, I think there were some medical records that would have shown that the defendant was not intoxicated at the time. And what counsel argued in their brief was that, well, why didn't they go get these records? Well, so first of all, that shows that Krankel counsel did bring forth other arguments. Second of all, there were 18 allegations made by the defendant. On appeal, only three of those 15 allegations were alluded to in the defendant's brief. And those three allegations, 2, 4, and 10, even though I went through all 18 of them, 2, 4, and 10 were the ones that they relied on. And all of them had to do with witnesses. And it says very clearly, you cannot find ineffective assistance of counsel when we're dealing with which witnesses to interview, what questions to ask the witnesses, or which witnesses to call. And those are exactly what 2, 4, and 10 were problematic, were the problems that were raised in the allegations 2, 4, and 10. And the defendant never shows prejudice. And Krankel counsel couldn't come in, excuse me, and front an argument that would have been frivolous, because it's set that you cannot argue trial strategy and find ineffective assistance of counsel. And he would have been wasting the court's time and making a completely frivolous argument to come in and argue that there was ineffective assistance of the trial counsel for failing to ask the questions the defendant wanted him to ask in cross-examination. And the defendant never even tells us who these witnesses are, what they would have done. There were several people in that parking lot, all under fire from the defendant, who witnessed what was going on, were there at the aftermath when the police came. One of the allegations, number 10, says that they moved the car and contaminated the crime scene. Thank you, counsel. Thank you, and we ask the court to affirm the convictions of the defendant. Rebuttal. Let me ask you a quick question on the Krankel issue. I mean, did the trial court ever refer to this as a Krankel situation, or say I'm appointing counsel for you because this is a Krankel situation? No, I don't believe the word Krankel was used. However, he agreed that there was a breakdown of communication, and he appointed counsel for him. And they set it for a hearing. Those are all things that happen in the Krankel context. They had that first stage hearing. It usually involves some inquiry between counsel, or between the judge and the client. And that's what happened here. The judge and the defendant, he read his letter. He said, you've raised these allegations. I'm giving you counsel. And she says that this is a breakdown in communication, and that's not enough. But he was given counsel. And once you're given counsel, you have the right to the reasonable assistance of that counsel. And to use an analogy to a post-conviction petition, clients get to the second stage of a post-conviction petition simply because the trial court loses track of the 90 days. A frivolous petition sometimes advances because of that 90-day rule. But that doesn't mean when they get to the second stage and they get counsel, that that counsel does not have to provide them with a reasonable level of assistance as required by the statutes. Here, when she said that he could have said the arguments, he didn't say that they were frivolous arguments. He adopted the arguments. He stood on James Cherry's arguments and said, they're fine. I'm adopting them. He didn't say they were frivolous. By adopting them, he said they were fine. And at that point, he has attested that they are arguments that have merit. But he did absolutely nothing to provide my client with an evidentiary hearing, with that adversarial testing of these facts. He did nothing to bring in evidence, to put a client on the stand, to put witnesses forth, to give us that kind of evidence that we need, that kind of testimony that gives us a record upon which we can rule and decide whether my client did or did not receive the ineffective assistance of counsel. And that's what he's asking for now, for remand, for counsel to be appointed for that second-stage prank call hearing. And if I can return to my first argument just briefly, Your Honor, you had asked, what is a base offense? And the response was, it's the language that they use. They is the legislature of Illinois. And their language has meaning. They wrote and rewrote the statute predicating and removing predicated offenses in and out of our files. They thought about this. And in 2007, they went back with a specific intent to correct these proportionate penalties violations. So this is not just casual language. The thought went into this. And each and every word of this has to be given its full and proper meaning. And they clearly said, any offense that makes the possession or use of a dangerous weapon, an element of a base offense, an aggravated or enhanced version, or a mandatory sentencing factor. And here we have aggravated battery. Yes, it can be charged two ways. But one of those ways allows a deadly weapon to be charged, which makes it an aggravated enhanced version with a dangerous weapon. And there's also aggravated battery with a firearm. And based on the plain language of the statute as it stands now after the 2007 amendments, you cannot predicate armed violence on aggravated battery. There are no further questions? No questions. Thank you. Thank you, Constance. Whatever you want. We'll take a short recess. All rise.